UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KERRIE ANN TOWNS,**

    Plaintiff,

vs.                      CASE NO.:

**UNUM LIFE INSURANCE COMPANY OF AMERICA,**

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, KERRIE ANN TOWNS, ("Towns"), by and through the undersigned attorney, and sues the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Towns' home address in Eustis, Florida. See Exhibit "A" attached hereto.

4. Towns is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5. Towns was an employee of Dollar Tree, Inc. ("Dollar Tree" or "Employer") and as such she was insured through a group disability policy issued to Dollar Tree by Unum.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of the applicable Plan document is in the possession of Unum.

9. Unum is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10. Unum denied and/or terminated Towns' claim finding that she was not disabled under the terms of the Plan. Unum's last denial letter is dated April 1, 2024.

11. With respect to the claims made herein, Towns has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
**(Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))**

Towns incorporates the allegations contained in paragraphs 1 through 11 above, and further states:

12. The Plan provided for the payment of long term disability benefits in the event Towns became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

13. Towns was and is disabled as defined by the Plan at all times material hereto.

14. Towns made a claim for Plan benefits. Said claim for benefits was terminated or denied.

15. Towns is entitled to Plan benefits.

16. Unum has failed and refused to pay Towns sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

17. Because of the failure to pay benefits pursuant to the terms of the Plan, Towns has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Towns is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Towns, prays for relief from defendant, Unum, for the payment of disability benefits, reinstatement to all other benefits, including the

waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date: April 25, 2024

                                             */s/Gregory D. Swartwood*
Gregory D. Swartwood, Esq.
Florida Bar No. 858625
The Nation Law Firm LLP
570 Crown Oak Centre Drive
Longwood, FL 32750
Telephone: (321) 397-9775
Facsimile: (407) 867-4845
E-Mail: gswartwood@nationlaw.com
Attorneys for Plaintiff